## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                       No. CR 19 4442 MV

ANDREW ROMERO,

      Defendant,

### OPPOSED MOTION FOR *DE NOVO* REVIEW
### OF NOVEMBER 25, 2019 DETENTION ORDER

The Defendant, by and through undersigned counsel and pursuant to
18 U.S.C. § 3145(b), respectfully requests the Court's review of the November 25, 2019,
Detention Order to determine if Defendant's conditions of release should be amended to allow
him release to the third party custody of his step-mother, Theresa Romero and electronic
monitoring, if needed. As grounds for this motion, Defendant states:

### I. PROCEDURAL BACKGROUND

1. On November 21, 2019, a Complaint was filed charging Defendant Andrew Romero
and two co-defendants with Interference with Commerce by Threats or Violence in violation of
18 U.S.C. § 1951 and Use of a Firearm during a Crime of Violence in violation of 18 U.S.C.
§ 924(c).

2. On November 25, 2019, a Detention hearing was held before the Honorable Jerry H.
Ritter. The Court took evidence and argument concerning the Defendant's release or detention.

3. Following argument of counsel, the Court entered it's Order detaining
Defendant Romero.

4. Judge Ritter made the following findings that the Government had proven:

> a.. There is a rebuttable presumption that no condition or combination of
> conditions will reasonably assure the appearance of the defendant as required and
> the safety of the community because there is probable cause to believe that the
> defendant committed one or more of the following offenses:

1

(2) an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

b. By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any person and the community;

c. Weight of evidence against the Defendant is strong;

d. Defendant is subject to lengthy period of incarceration if convicted;

e. Defendant's prior criminal history; and

f. Defendant's history of violence or use of weapons.

g. The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors, detention is warranted. (Doc. 23).

5. United States Pre-Trial Services conducted a background assessment and recommended Defendant's release on conditions of third-party release to his step-mother, Theresa Romero, and additional conditions including: report for pre-trial supervision; no alcohol; submit to random alcohol and drug screening; no drug use; participate in an evaluation for substance abuse; participate in substance abuse counseling; no obstructing or tampering with substance testing; continue or actively seek employment; travel restricted to Taos County; no contact with any person who is or may be a victim or witness in the case including co-defendants; no possession of a firearm, destructive device or other dangerous weapon; and report every contact with law enforcement.

6. On December 3, 2019, Defendant Andrew Romero was indicted along with two co-defendants with Count 1: Conspiracy to Commit Interference with Commerce by Threats and Violence in violation of 18 U.S.C. § 1951; Count 2: Interference with Commerce by Threats and Violence in violation of 18 U.S.C. § 1951 and Aiding and Abetting in violation of 18 U.S.C. § 2; and Count 3: Using and Carrying a Firearm During and in Relation to a Crime of Violence, and Possessing a Firearm in Furtherance of Such Crime; Discharging Said Firearm in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and Aiding and Abetting in violation of U. S. C. § 2. The alleged act took place on or about November 11, 2019, in Taos County, in the District of New Mexico.

2

(Doc. No. 36).  The Honorable Martha Vasquez was the assigned Judge in the matter.

## II. FACTORS THAT WEIGH AGAINST THE DETENTION ORDER FINDINGS.

### A. There is not clear and convincing evidence that no combination of conditions of release will reasonably assure the safety of any person and the community.

"Clear and convincing" evidence of dangerousness requires proof that a particular Defendant actually poses a danger to the community; not that a Defendant, in theory, poses a danger. *U.S. v. Patriarca*, 948 F.2d 789 (1st Cir. 1991).

In Defendant Romero's case, at the time of the federal indictment, he had been charged in State Court with Armed Robbery and Conspiracy to Commit Armed Robbery on November 13, 2019 in Cause No. M-53-FR-2019-00218 and was ordered released on conditions, including house arrest and electronic monitoring on November 14, 2019 pending a detention hearing in District Court.  The charges in the State case involve the prosecution of the instant Federal charges against Defendant Romero and the two co-defendants in this case.  The State case was dismissed without prejudice on November 22, 2019 by the State of New Mexico citing criminal charges being filed in Federal Court.

This factor, alone, weighs heavily against "clear and convincing" evidence of danger to the community.  Additionally, in the instant case, Pre-trial Services completed a background assessment and recommended Defendant's release on conditions of third-party release to his step-mother, Theresa Romero, and additional and other conditions.

### B. There is Ample Evidence that Other Conditions of Release Will Assure the Defendant's Appearance as Required.

As stated above, the Defendant was to have been released on State Court's conditions. Further, upon information and belief, there is virtually no history of the Defendant Romero failing to appear for any previous hearings.  Finally, U.S. Pre-trial Services has done a

3

complete investigation and determined that release is recommended.

### C. Defendant is Subject to Lengthy Incarceration.

This finding correctly notes that Defendant is facing a mandatory 10 year sentence depending on whether a firearm was used during and in relation to a crime of violence and discharged. Nonetheless, there is no evidence that Defendant Romero actively interfered with commerce or discharged a firearm in furtherance of the interference with commerce.

### D. Defendant Does Not Have a Significant Criminal History.

When Defendant Romero was 21 years old he was charged in the Fourth Judicial District Court (LasVegas, New Mexico) with Assault (Deadly Weapon) and Assault with Intent to Commit a Violent Felony on July 9, 2012. Investigation establishes Count 1 was amended to Aggravated Assault with a Deadly Weapon (Firearm) and Count 2 was dismissed. Defendant Romero was placed on a Conditional Discharge with 18 months of unsupervised probation. On February 28, 2014 probation terminated and the case was dismissed. Defendant Romero has been cited for traffic offenses which were resolved through payment of fines.

Defendant Romero is the 28 year old father of two children, was supporting his children, and was employed by the Pircuris Pueblo Forestry prior to his arrest. He is a lifelong resident of New Mexico and a graduate of Penasco High School. He has no passport or has traveled outside of the United States. Prior to his arrest on these charges he was living with his Father and Step-Mother in Rio Lucero, New Mexico.

## III. FACTORS IN SUPPORT OF DEFENDANT'S RELEASE TO PRETRIAL SERVICES.

Defendant Romero requests his release to Pre-trial Services as set forth in the report submitted to the Court on November 25, 2019. Consequently, the following factors are noted:

### 1. Defendant's Background

Andrew Romero is twenty (28) years old and was born and raised in

4

ił

Penasco, New Mexico where he resided with his Step-Mother and Father prior to his arrest on the above-listed charges. Mr. Romero has two children aged 8 and 3 years old. He pays child support for the benefit of his children.

Mr. Romero graduated from Penasco High School and is employed by the Picuris Pueblo Forestry. Defendant Romero had a felony charge that was subsequently dismissed pursuant to the terms of a conditional discharge plea agreement.

**2. Defendant Was to Be Under State Court Conditions of Release Including Ankle Monitoring.**

Defendant had been charged in State Court with various State Court offenses encompassing the identical conduct alleged in the Federal Indictment. Defendant was arrested on or about November 11, 2019, and was to have been released by Court Order on conditions of house arrest with GPS monitoring on November 14, 2019 and State Pre-trial Supervision.

**3. U.S. Pre-Trial Services Has Recommended Defendant's Release**

U.S. Pre-trial Services has conducted a thorough background investigation of the Defendant including contacting Defendant's step-mother, and reviewing all Defendant's criminal history. Pre-trial Services is acutely aware of nature of the charges and the penalties. Nonetheless, Pre-trial Services has recommended release on conditions. Consequently, the determination to release the Defendant has been made by two entities: one State Magistrate Judge and one Federal Pre-Trial Services.

Assistant United States Attorney Samuel Hurtado was contacted and he opposes this Motion.

**IV. CONCLUSION.**

Based on the foregoing, the Court should amend the Detention Order and release Mr. Romero on conditions.

Respectfully submitted,

**MARTIN LOPEZ, III**
A Professional Corporation

Electronically filed January 8, 2020
Martin Lopez, III
Attorney for Defendant Romero
1500 Mountain Rd. N. W.
Albuquerque, New Mexico 87104
Tele: (505) 243-2900

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 8th of January, 2020, I filed the foregoing pleading

electronically through the CM/ECF system, which caused the following counsel to be served by

electronic means, as more fully reflected on the Notice of Electronic Filing to the following:

Samuel Hurtado
Assistant United States Attorney
Samuel.A.Hurtado@usdoj.gov

Mindy_Pirkovic
United States Probation
Mindy_Pirkovic@nmp.uscourts.gov


Electronically Filed 1/8/2020
Martin Lopez, III

6